May Term, 1846.

ALCOTT
v.
THE STATE.

*M. G. Bright*, for the plaintiff.

---

## ALCOTT v. THE STATE.

An indictment, under the statute of 1838 respecting crime and punishment, against a person for defrauding the revenue by selling clocks without a license, should allege that such person made the vending of clocks his business or occupation.

Monday,
May 25.

ERROR to the *Wayne* Circuit Court.

DEWEY, J.—This was an indictment found at the fall term 1843 of the *Wayne* Circuit Court, charging that the plaintiff in error, not having any license or authority to vend clocks within the county of *Wayne*, did, in that county, unlawfully sell and vend to a certain person three brass clocks, for the sum of twenty dollars each, whereby the revenue of the county was diminished and defrauded to the amount of twenty-five dollars, against the statute, &c. A motion to quash the indictment having been overruled, the defendant was convicted under the plea of not guilty, and sentenced accordingly.

At the time the indictment was found, there was no law which expressly made it penal to sell clocks without a license.

But by the revenue act of 1841, the vendors of wooden, brass, or composition clocks, were required to procure a license to vend those articles; which license was subject to a county tax of not less than twenty, nor more than fifty dollars. Laws of 1841, p. 41. In the succeeding year, the tax was increased to a sum of not less than seventy-five, nor more than one hundred dollars. Laws of 1842, p. 149. These provisions, we think, were designed to apply to those persons only who made the vending of clocks a business or occupation, and do not include occasional sales made by other persons, as their interest or convenience might require. It is impossible to believe that the legislature intended that no owner of a clock whatever should be allowed to sell it, without a license procured at an expense, perhaps, of five times the value of the clock.

By the act respecting crime and punishment, in force when the indictment was found, it was provided that any and all unlawful acts, committed by any person, whereby the revenue for state or county purposes should be diminished, should be deemed a fraud against the revenue; and the person guilty of such act should, upon conviction thereof, be fined in any sum not exceeding five hundred dollars. R. S. 1838, p. 216. To bring a person within this provision for selling clocks without license, it must appear that he was bound to procure a license, or in other words that he made vending clocks his business or occupation; otherwise the act of selling without license was lawful, and could not have been a fraud upon the revenue. The indictment before us does not contain the necessary averment, and is therefore too defective to support the conviction of the defendant.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*C. H. Test*, for the plaintiff.

*A. A. Hammond*, for the state.