COMMONWEALTH *vs.* DAVID BRUCKHEIMER.

An indictment on *St.* of 1846, *c.* 244, § 2, which alleges that the defendant at a certain time and place was a hawker, pedler and petty chapman, and did then and there go from place to place exposing goods to sale, and did then and there sell certain goods, is insufficient for want of an allegation that he sold the goods as a hawker, pedler or petty chapman, or while going about as such.

INDICTMENT on *St.* 1846, *c.* 244, § 2. The indictment averred that the defendant on the 8th of July 1858 at Milford, " was a

3 *

hawker, pedler and petty chapman, and did then and there go from place to place and from dwelling-house to dwelling-house in said town of Milford on foot, exposing to sale goods, wares and merchandise, and did then and there sell certain jewelry, to wit, one gold chain and compass, to one Benjamin B. Congdon."

The defendant, being convicted in the court of common pleas in Worcester at October term 1858, moved in arrest of judgment, for the insufficiency of the indictment. *Sanger*, J. overruled the motion, and the defendant alleged exceptions.

*H. B. Staples*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

METCALF, J. Judgment must be arrested in this case, because the indictment does not aver that the defendant sold jewelry, or exposed or offered jewelry for sale, as a hawker, pedler or petty chapman, or while going about as such. The *St.* of 1846, *c.* 244, § 2, on which this indictment is founded, does not render any sale of jewelry unlawful, besides sales thereof by a hawker, pedler or petty chapman, or other person, going from place to place, carrying it for sale, or exposing it for sale. A person who is hawker, pedler or petty chapman, may sell jewelry as lawfully as any other person, unless he sells it in the capacity or character of hawker, pedler or petty chapman. Unless, therefore, an indictment avers that he sold jewelry in such capacity or character, no offence is charged against him. See *Merriam* v *Langdon*, 10 Conn. 460, 468; *Bacon* v. *Wood*, 2 Scam. 265 *Alcott* v. *The State*, 8 Blackf. 6. But, for aught that this indictment avers, the defendant, though he was, at the time and place of the alleged sales, a hawker, &c. may have made those sales without going about selling or exposing jewelry for sale, or acting as a hawker, &c. *Judgment arrested.*