THE CITY OF KANSAS v. JOHN T. COLLINS.

1. DRUMMER, *Not a Merchant.* Where an agent, such as is usually denominated a "drummer," or "commercial traveler," simply exhibits samples of goods kept for sale by his principal, and takes orders from purchasers for such goods, which goods are afterward to be delivered by the principal to the purchasers, and payment for the goods is to be made by the purchasers to the principal on such delivery, such agent is neither a peddler nor a merchant.

2. AGENT, *When Not a Peddler.* Nor will a single sale and delivery of goods by such agent, or by any other person, out of the samples exhibited, or out of any other lot of goods, constitute such agent or other person a peddler or a merchant.

3. ———— *Unauthorized License Tax.* Nor does there seem to be any authority under the statutes for cities of the second class to levy license taxes upon drummers or commercial travelers.

*Appeal from Wyandotte District Court.*

PROSECUTION for a violation of a certain city ordinance. December 12, 1884, the defendant *Collins* was tried, convicted, and sentenced to pay a fine of $25 and costs. He appeals. The opinion states the material facts.

*Jenkins, Clarke & Thomas,* and *Hamner & Burris,* for appellant.

*Wm. S. Carroll,* for appellee.

The opinion of the court was delivered by

VALENTINE, J.: On August 18, 1884, the following complaint, duly sworn to, was filed in the office of the police judge of the City of Kansas, Kansas, to wit:

" . . . John T. Collins, at and in the City of Kansas, county of Wyandotte and state of Kansas, and on the 18th day of August, 1884, did unlawfully carry on the business of a peddler of goods, wares and merchandise, and did then and there sell and offer for sale certain goods, wares and merchandise, and did take orders and offer to take orders for the delivery at a future time of certain goods, wares and merchandise, without having any license from the City of Kansas so to do, in violation of ordinances of said City of Kansas."

Upon this complaint the defendant was arrested, tried, found guilty, and sentenced; and afterward he appealed to the district court. In the district court he was again tried and convicted, and was sentenced to pay a fine of $25 and the costs of suit; and from this sentence he now appeals to this court. That portion of the ordinance under which the foregoing complaint was drawn reads as follows:

"A peddler, or any person, who shall sell or offer for sale, deliver or offer to deliver, or take orders for the future delivery at any time, any goods, wares and merchandise of any kind, including cider, soda water, mineral water, spruce or birch beer, within the city, shall be required to take out a license; and the charge shall be, for six months, $10."

It was also provided in the ordinance that a violation of any provision of the same should be deemed a misdemeanor, and the punishment for such misdemeanor should be a fine not exceeding $100, or imprisonment not exceeding three months, or both.

The statute under which the foregoing ordinance was adopted provides among other things that cities of the second class, which included the said City of Kansas, shall have power to levy and collect license taxes on hawkers, peddlers, merchants of all kinds, and others. (Comp. Laws of 1879, ch. 19, ¶ 786.)

The facts of this case are substantially as follows: Wm. A. Wilson & Co., of Kansas City, Missouri, are, and were at the time of the commission of the alleged offense, wholesale dealers in cigars, tea, and spices. The defendant, John T. Collins, was their traveling agent, who, with a team and wagon in which he carried samples, visited the various places of business of the several merchants of the City of Kansas, Kansas, who dealt in the lines of goods kept and sold by Wm. A. Wilson & Co., and solicited orders. When the merchants of the City of Kansas, Kansas, gave orders for goods, Collins delivered the orders to Wm. A. Wilson & Co., in Kansas City, Missouri, who, if they approved them, packed the goods at their own place of business in Kansas City, Missouri, and sent them to the purchasers in the City of Kansas, Kansas, where they were delivered and paid for. In just what manner they were delivered, by what agent they were delivered, and to whom the payments therefor were made when delivered, the evidence does not show; but it does show, we think, that the goods were not delivered by the defendant, John T. Collins, nor were the payments for the goods made to him. The evidence also tends to show that the defendant on one occasion made a sale of and delivered a box of cigars to a merchant in the City of Kansas, Kansas, from the samples which he carried with him; but a sale of that kind was not authorized by Wm. A. Wilson & Co.

It is claimed by the prosecution in this case that the defendant, Collins, was a peddler and also a merchant; and that if he was either a peddler or a merchant, or both, he was rightfully convicted, and the judgment of the court below should be affirmed. But, on the other hand, it seems to be admitted by the prosecution that if the defendant was neither a peddler nor a merchant, the conviction and sentence were and are erroneous, and the judgment of the court below should be reversed. Now we think that he was neither. Where an agent, such as is usually denominated a "drummer," or "commercial traveler;" simply exhibits samples of goods kept for sale by his principal, and takes orders from purchasers for such

goods, which goods are afterward to be delivered by the principal to the purchasers, and payment for the goods is to be made by the purchasers to the principal on such delivery, such agent is neither a peddler nor a merchant; nor will a single sale and delivery of goods by such agent, or by any other person, out of the samples exhibited, or out of any other lot of goods, constitute such agent or other person a peddler or a merchant. As lending support to these propositions, we would cite the following authorities: *Ex parte Taylor*, 58 Miss. 478; *Commonwealth v. Jones*, 7 Bush, 502; *Commonwealth v. Farnum*, 114 Mass. 267. See also other cases cited by counsel for the defendant, as follows: *Alcott v. State*, 8 Blackf. 6; *Colson v. State*, 7 id. 50; *Merriam v. Langdon*, 10 Conn. 460; *State v. Belcher*, 1 McMul. 40; *Com. v. Ober*, 12 Cush. 493; *Wynne v. Wright*, 1 Dev. & B. (N. C.) L. 19; *Page v. State*, 6 Mo. 205; *Cincinnati v. Bryson*, 15 Ohio, 625; *Mays v. Cincinnati*, 1 Ohio St. 268; *Fisher v. Patterson*, 13 Pa. St. 338; *Com. v. Willis*, 14 Serg. & R. 398; *State v. Hodgdon*, 41 Vt. 139; *Whitfield v. Longest*, 6 Ired. (N. C.) L. 268; *Plymouth v. Pettijohn*, 4 Dev. (N. C.) L. 591; *State v. City Council*, 10 Rich. (S. C.) 240; *State v. Pinckney*, 10 id. 474; *City Council v. Ahrens*, 4 Strobh. 241; *Keller v. State*, 11 Md. 525; *Woolman v. State*, 2 Swan, 353; *Higgins v. Rinker*, 47 Tex. 402; *Chicago v. Bartee*, 100 Ill. 61; *Davis v. City of Macon*, 64 Ga. 128.

There does not seem to be any authority under the statutes for cities of the second class to levy license taxes upon drummers or commercial travelers.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.