## The City of Fort Scott v. H. H. Pelton.

INTERSTATE COMMERCE — *Drummer's License Tax, Invalid.* A city cannot be empowered by the laws of its own state to impose a license tax upon a commercial "drummer," or other person of another state, for merely offering to sell goods within the city by sample, where the goods are to be brought from another state, and where the owner of the goods does not reside within the state where the goods are offered for sale. Following the case of *Robbins v. Taxing District,* 120 U. S. 489.

*Appeal from Bourbon District Court.*

On February 27, 1888, *H. H. Pelton* was found guilty and adjudged to pay a fine of $25 and the costs of prosecution, for the alleged offense of canvassing for and selling books in the city of Fort Scott without having a license so to do from said city. *Pelton* appeals. The material facts are stated in the opinion.

*J. D. McCleverty,* for appellant.

*W. W. Martin,* city attorney, *contra.*

The opinion of the court was delivered by

VALENTINE, J.: The facts of this case are substantially as follows: On December 24, 1887, a complaint was filed in the police court of the city of Fort Scott, charging that the defendant, H. H. Pelton, did on said day "canvass for and sell books in the said city of Fort Scott, without having taken out a license for the same." Subsequently, but on the same day, he was arrested, tried, found guilty, and sentenced to pay a fine of $10 and the costs of suit. From the judgment rendered on this trial he appealed to the district court of Bourbon county, where he was again tried. This trial was before the court without a jury. The arrest and prosecution were under an ordinance of the city of Fort Scott, which is set out in the bill of exceptions, which provides among other things as follows:

"SECTION 1. It shall be unlawful for any person to pursue the callings or avocations hereinafter named, within the corpo-

rate limits of said city, without first having obtained a license therefor.

"SEC. 2. . . . For book and map agents, $1 per day, or $25 per year; for canvassers of all kinds, $1 per day, or $25 per year."

The remaining portion of the ordinance is unimportant as to the merits of this case. In the district court this ordinance was read in evidence, and also the following agreed statement of facts. This was all the evidence introduced in the case:

### "AGREED STATEMENT OF FACTS.

"It is agreed by and between the parties hereto that the following are the facts in this case, to wit: The defendant, H. H. Pelton, is a citizen and resident of Sedalia, in the state of Missouri, and on the 24th day of December, 1887, was engaged in the business of canvassing for the sale of books in the said city of Fort Scott, Kansas—that is, soliciting trade, by the use of sample pages and binding of certain books, for the house for which he worked as a canvasser, and as defendant obtained orders or subscriptions he forwarded said orders to said house, and the books were shipped to Fort Scott for delivery to such subscribers, said house being the Riverside Publishing Company, a corporation existing and acting under the laws of the state of Ohio, and doing business in Cincinnati, in the said state of Ohio, where its publishing house and principal place of business was then situated; that while he was so engaged, and in the act of canvassing for said firm, and for the claimed offense of not having taken out a license in the said city of Fort Scott for doing said business, said defendant, H. H. Pelton, was arrested under a warrant duly issued out of the police court in and for the said city of Fort Scott, Kansas, and carried before the Hon. A. H. Sargent, police judge in and for said city of Fort Scott, Kansas, and was adjudged guilty and fined for the offense of canvassing in said city on the said 24th day of December, 1887, without having taken out a license for the same. The said corporation, the Riverside Publishing Company, is engaged in publishing and selling books, among them being Ridpath's Universal History, which is sold only on subscription, for the sale of which said defendant herein was canvassing at the time of his arrest. The ordinance under which the arrest was made to be produced and read upon the hearing thereof."

The defendant was also found guilty in the district court.

A motion for a new trial was then made and overruled, and the defendant was adjudged to pay a fine of $25 and the costs of suit, from which judgment he now appeals to this court.

The main question involved in this case is, whether a city may be empowered by the laws of its own state to impose a license tax upon a commercial "drummer," or other person of another state, for merely offering to sell goods within the city by sample, where the goods are to be brought from another state, and where the owner of the goods does not reside within the state where the goods are offered for sale. We think this question has been settled by the supreme court of the United States in the case of *Robbins v. Taxing District*, 120 U. S. 489; same case, 7 Sup. Ct. Rep. 592. See also the following cases: *Corson v. Maryland*, 120 U. S. 502; same case, 7 Sup. Ct. Rep. 655; *Ex parte Insley*, 33 Fed. Rep. 680; *Hardware Co. v. McGuire*, 2 South. Rep. 592; *The State v. Pratt*, 9 Atl. Rep. 556.

It is held by the supreme court of the United States under § 3, article 1, of the constitution of the United States, which provides among other things, that "the congress shall have power . . . to regulate commerce with foreign nations, and among the several states, and with the Indian tribes," that no such power could be conferred upon cities by a state, but only by congress. As the main question involved in this case has already been settled by the supreme court of the United States, it would be useless for us to enter into any discussion of such question. The supreme court of the United States, in the case of *Robbins v. Taxing District*, supra, uses the following among other language:

"In the matter of interstate commerce the United States are but one country, and are and must be subject to one system of regulations, and not to a multitude of systems. The doctrine of the freedom of that commerce, except as regulated by congress, is so firmly established that it is unnecessary to enlarge further upon the subject. . . . It is strongly urged, as if it were a material point in the case, that no discrimination is made between domestic and foreign drummers—those of Tennessee and those of other states; that all are taxed alike.

But that does not meet the difficulty. Interstate commerce cannot be taxed at all, even though the same amount of tax should be laid on domestic commerce, or that which is carried on solely within the state."

The judgment of the court below will be reversed, and the cause remanded with the order that the defendant be discharged.

All the Justices concurring.