## CLEMENTS v. TOWN OF CASPER.

PEDDLERS—LICENSE—MUNICIPAL ORDINANCE—VALIDITY — INTER-
STATE COMMERCE.

1. Independently of statutory definition, a "peddler" is an itinerant trader, a person who sells small wares which he carries with him in traveling about from place to place.

2. A "hawker" is also a trader who goes from place to place, or along the streets of a town, selling the goods which he carries with him, and, as generally understood, attracts purchasers by outcry, actual exposure, or placards or labels.

3. A traveling agent who sells goods by sample, his commercial house forwarding the goods by express to the purchasers, is not a peddler or hawker.

4. A municipal ordinance is void as an unlawful and unconstitutional interference with interstate commerce, and as an attempted discrimination, adverse to non-residents of the State, which prohibits any non-resident person from selling goods by sample or otherwise to others than regular merchants without first obtaining a license therefor.

[Decided January 10, 1894.]

ERROR to District Court for Natrona County, HON. J. W. BLAKE, Judge.

C. E. Clements was convicted of peddling without a license in the town of Casper in violation of a town ordinance, and prosecuted error. The material facts are stated in the opinion.

C. C. Wright, for plaintiff in error.

One who sells goods exclusively by sample is not a peddler, huckster, or an itinerant merchant. The town cannot by ordinance extend the meaning of the term peddler as used in the statutes beyond its ordinary legal meaning. (Commonwealth v. Farnum, 114 Mass., 267; City of Kansas v. Collins, 34 Kan., 434.) The ordinance is in violation of the federal constitution which relegates the control of interstate com-

merce to congress. (License Tax case, 5 Wall., 462; Cooley's Const. Lim., 201 & 586; 1 Dillon Mun. Corp., 357; Robins v. Shelby Co. Tax Dist., 120 U. S., 489; State Freight tax, 15 Wall., 232; Cooley v. Board, etc., 12 How., 299; the Passenger cases, 7 How., 283; Gloucester Ferry Co. v. Penn., 114 U. S., 196; Wabash, etc., Ry. Co. v. Ogden, 9 Wheat., 1, 222; Walling v. Mich., 116 U. S., 446; Meloup v. Port of Mobile, 127 U. S., 640; Asher v. Texas, 128 U. S., 129; Phila. & S. S. Co. v. Penn., 122 U. S., 326; Western U. T. Co. v. Pendleton, 112 id., 347; State v. Ehert, 103 Mo., 241; City of Kansas v. Collins, supra; Fort Scott v. Pelton, 39 Kan., 764.) The license fee provided by the ordinance is unreasonable.

*Alex. T. Butler,* for defendant in error.

A defendant to avail himself of exceptions in the description of an offense must prove that he belongs to the excepted class. (Black on Intox. Liq., sec. 444.) The accused is an itinerant merchant and transient vendor of merchandise. (107 Ind., 502; 12 Cush., 495; 1 Parson's Cont., 555; Spanish Fork City v. Mortensen, 24 Pac., 620 (Utah); 32 Kan., 434; 31 Kan., 151.) The ordinance is valid. (Cooley Const. Lim., 196; 31 N. E., 884; Graffty v. Rushville, 107 Ind., 502; 29 N. E., 410; City of Duluth v. Krupp, 46 Minn., 435; Commonwealth v. Gardner, 133 Pa. St., 284; In re Butim, 28 Tex., 304; Pierce v. New Hamp., 5 How., 504; Laws 1890, chap. 32, p. 50; Laws 1888, ch. 43, p. 98; Rev. Stat., sec. 468.). Section one of the ordinance applies to both residents and non-residents. Sections two and three are cumulative, and as regards this case their constitutionality is immaterial. The complaint is drawn under section one.

GROESBECK, CHIEF JUSTICE.

The plaintiff in error was arrested and tried before a police justice of the Town of Casper for the violation of an ordinance of said town concerning peddlers. He was convicted and appealed to the district court of the county, wherein he was tried by the court and convicted. He brings error here attacking the town ordinance as unconstitutional and void as

in contravention of the provisions of the Constitution of the United States conferring power upon Congress to regulate commerce among the several states, as in violation of a further provision of the Federal Constitution that the citizens of each state shall be entitled to all privileges and immunities of citizens of the several states, and as demanding an unreasonable license fee. The ordinance of the town was introduced in evidence in the court below, and the material portions of it read as follows:

### "AN ORDINANCE CONCERNING PEDDLERS.

"Be it ordained by the Town Council of the Town of Casper:

"Sec. 1. It shall not be lawful for any person or persons "to hawk or peddle any goods, wares, merchandise or any "other valuable article or things within the corporate limits "of the Town of Casper without first having obtained a license "so to do as hereinafter provided.

"Sec. 2. No person, persons, company or corporation, being "non-resident shall in person or by employe, traveling or "local agent, drummer or salesman, sell by samples or other-"wise in this town any goods, wares or merchandise, either "foreign or domestic, without first obtaining a license as here-"inafter provided.

"Sec. 3. Every person selling goods, wares or merchan-"dise by samples or otherwise to be delivered in the future "through a storekeeper or merchant of this town is a peddler.

"Sec. 4. This ordinance shall not apply to traveling agents "and drummers who sell exclusively by sample or otherwise, "to regular merchants doing business in the town, nor to "persons selling fruits, vegetables and farm products.

"Sec. 5. Every person wishing to obtain a license as a "peddler shall apply to the town clerk or town marshal, stating "in what manner, in what articles and for what time he wishes "thus to trade. And upon his paying license fee of $25.00 in "advance for each 24 hours he shall be permitted to trade as a "peddler. No license shall be issued for less than 24 hours."

The other sections of the ordinance relate to the penalties prescribed for its violation, the issuance of the license, and the time when the ordinance shall take effect, and need not be considered.

An attempt is clearly made by the ordinance to distinguish between commercial travelers selling exclusively by sample or otherwise to merchants doing business in the town, and to agents selling generally to the inhabitants of the town by sample, without regard to their vocation.

The evidence offered discloses that the plaintiff in error was a traveling agent of Wilder Brothers, located at Lawrence, Kansas, and that he sold by samples, shirts, muslins, woolens, silks, hosiery and other articles, to be forwarded by his commercial house to the parties purchasing.

The goods sold at Casper were forwarded by express to the purchasers, and were not delivered "in the future through a storekeeper or merchant" of the town. The case falls within the principles announced by the Supreme Court of the United States in the case of Robbins v. Shelby Taxing District, 120 U. S., 489, and Leloup v. Port of Mobile, 127 Id., 640, but the facts of the case as presented by the evidence are more akin to those in the case of Asher v. Texas, 128 U. S., 129, where the plaintiff in error was a resident of the State of Louisiana, and was engaged in the business of soliciting trade by the use of samples for the house for which he worked as drummer, which was located in the City of New Orleans in said state. His territory of operations was in the City of Houston, in Harris County, Texas, and his business was soliciting orders or trade for his employers, who were manufacturers of rubber stamps and stencils. While so engaged, he was arrested and fined for the alleged offense of pursuing the occupation of drummer without a license, contrary to a provision of the Penal Code of the State of Texas. Upon habeas corpus proceedings before the Court of Appeals of that state, the conviction was sustained and the petitioner remanded to the custody of the sheriff, and to review such judgment of the state court, writ of error was brought in the Federal Supreme Court. It was held by that tribunal that there was no dis-

32

tinction between the case and that of Robbins v. Shelby Taxing District, supra, and the judgment of the Court of Appeals of Texas was reversed, and the case remanded with instructions to discharge the prisoner.

The distinction made by the ordinance of the Town of Casper, under consideration, between agents and drummers selling exclusively by sample or otherwise to regular merchants of the town and those selling to the public generally, can not alter the situation. The Constitution of the United States having given to Congress the power to regulate commerce, not only with foreign nations, but among the several states, that power is necessarily exclusive whenever the subjects of it are national in their character, or admit only of one uniform system, or plan of regulation, and when Congress has failed to make express regulations of the commerce among the states, this indicates its will that the subject shall be left free from any restrictions or impositions, and any regulation of the subject by the state is repugnant to such freedom, except in matters of local concern only, where the state by virtue of its police power and its jurisdiction of persons and property within its limits, provides for the security of the lives, limbs, health and comfort of persons and the protection of property, or when the state does those things which may otherwise incidentally affect commerce, such as the establishment and regulation of highways, canals, railroads, wharves, ferries and other commercial facilities; or by the passage of inspection laws to secure the due quality and measure of products and commodities; or by the passage of laws to regulate or restrict the sale of articles deemed injurious to the health or morals of the community; or imposes taxes upon persons residing within the state or belonging to its population, and upon avocations and employments pursued therein, not directly connected with foreign or interstate commerce or with some business or employment exercised under authority of federal constitutional or statutory law; or imposes taxes upon all property within the state, mingled with and forming the great mass of property therein. But the state, in making such necessary police and revenue regulations which are permissible can-

not impose taxes upon persons passing through the state, or coming into it merely for a temporary purpose especially if connected with interstate or foreign commerce; nor can it impose such taxes upon property imported into the state from abroad, or from another state, and not yet become part of the common mass of property therein; no discrimination can be made by any such regulations adversely to the persons or property of other states; and no regulation can be made directly affecting interstate commerce, as such taxation or regulation would be an unauthorized interference with the power given to Congress. One of the reasons for the adoption of the Federal Constitution, "in order to form a more perfect union," was to prevent a number of systems of the regulation of commerce among the states, only limited to their number, and which was deemed a great evil under the Articles of Confederation.

"In the matter of interstate commerce the United States are but one country, and are and must be subject to one system of regulations, and not to a multitude of systems. The doctrine of the freedom of that commerce, except as regulated by congress, is so firmly established that it is unnecessary to enlarge further upon the subject. * * * It is strongly urged, as if it were a material point in the case, that no discrimination is made between domestic and foreign drummers —those of Tennessee and those of other states; that all are taxed alike. But that does not meet the difficulty. Interstate commerce cannot be taxed at all, even though the same amount of tax should be laid on domestic commerce, or that which is carried on solely within the state." Robins v. Shelby County Taxing District, supra; City of Fort Scott v. Pelton, 39 Kan., 764.

It makes no difference whether the articles imported into a state to be sold are farm products or manufactured articles, or any kind of merchandise. The power of the state and its municipalities is exhausted as to her own resident dealers and agents, and to the property within its jurisdiction, unless the morals or health of the people are in danger from the foreign commerce introduced within her borders, or unless

the property has been mingled and merged into the great mass of the property within the state. If the state can not through its statute interfere with interstate commerce, surely it cannot delegate this power to one of her municipalities, and if a statute would be void imposing such restrictions as the ordinance of the municipality imposes, the ordinance is invalid as well, as the matter is wholly within the control of Congress and where not regulated by that department of government, no inferior regulation can control, whether imposed by a state or by any of its municipal subdivisions for governmental purposes. The words "peddler" and "hawker" have a settled meaning independently of statutory definition. The former is an itinerant trader, a person who sells small wares which he carries with him in traveling about from place to place, while the latter is also a trader who goes from place to place, or along the streets of a town, selling the goods which he carries with him, although it is generally understood from the word that a hawker also seeks for purchasers, either by outcry, as the derivation of the word would seem to indicate, or by attracting notice and attention to them, as goods for sale by actual exposure or exhibition of them by placards or labels or by some conventional signal or noise. Of such occupations the state has control, and under the authority derived from the general incorporation act of the state, under which the town of Casper was incorporated, "to license, tax, regulate, suppress and prohibit hucksters, peddlers," etc. (Rev. Stat., 468, subdivision 9th), the town has a right to enact ordinances governing such occupations and regulating, licensing, taxing or prohibiting them. But the ordinance goes further than this and attempts to do what has been unsuccessfully attempted time and again, for the benefit and advantage of domestic dealers, to exclude the agents of dealers from other states, and this cannot be done, as the property offered for sale is not under the jurisdiction of or subject to regulation by the state or its municipalities, and is not carried about from place to place and exhibited for sale. The definition of a peddler in section three of the ordinance is not the generally accepted one, and under the evidence

adduced in the case, the plaintiff in error was not one, as the articles he sold were delivered in the future through an express agent. It may be that this definition is not an exclusive one, but may be considered as an enlargement of the usual term, but the evidence plainly shows that the plaintiff was not a peddler in the usual understanding of the term, nor in the light of the definition of the ordinance, as he neither carried about his goods from place to place within the town, nor sold and delivered them simultaneously, nor made future delivery of them through a storekeeper or merchant of the town. Even where a commercial traveler or agent, usually denominated a "drummer," simply exhibits samples of goods kept for sale by his principal, and takes orders from purchasers for the goods, which are afterward to be delivered by the principal to the purchasers and payment for the goods is to be made to the principal by the purchasers on such delivery, such agent is neither a peddler nor merchant; nor even will a single sale or delivery of goods by such agent, or by any other person, out of the samples exhibited, or out of any other lot of goods, constitute such person or other person a peddler or merchant. City of Kansas v. Collins, 34 Kans., 434, and cases cited; Commonwealth v. Farnum, 114 Mass., 267. While the regulation of commercial travelers by license or otherwise, may be deemed a great necessity by local dealers and others, particularly where orders are taken from the people generally instead of from regular merchants and dealers, this authority can only be exercised by congress, and state laws and municipal ordinances are alike futile in any attempted control of the commerce between the states, except as herein indicated. The ordinance is void as it is within the ban of the Federal Constitution as interpreted by the Supreme Court of the United States, both as an unlawful and unconstitutional interference with interstate commerce, and as an attempted discrimination adverse to non-residents of the state. It appears to us that the license fee of $25.00 for each twenty-four hours, which undoubtedly means a day, is excessive and unreasonable, but it is unnecessary to consider that question, as the ordinance is void for the reasons assigned.

The judgment of the district court of Natrona County is reversed and the cause remanded with the direction to dismiss the complaint.

CONAWAY and CLARK JJ., concur.