## In re KIMMEL.

*(District Court, D. Minnesota. March 28, 1890.)*

CONSTITUTIONAL LAW—INTERSTATE COMMERCE—PEDDLERS—LICENSE.

Ordinance 116 of the city of Austin, Minn., requiring all persons engaged in going from house to house, and selling or taking orders for any merchandise not of their own manufacture, to take out a license therefor, and providing penalty of fine or imprisonment for its violation, in so far as it applies to persons in the state making sales and taking orders for persons residing within another state, is repugnant to the constitution of the United States, giving congress the sole power to regulate interstate commerce.

At Law. Petition for writ of *habeas corpus*.

*H. P. Camden*, for petitioner.

*John M. Greenman*, for City of Austin.

NELSON, J. A petition for a writ of *habeas corpus* is presented by G. F. Kimmel. The petitioner prays the court to inquire into the legality

of his commitment to, and imprisonment in, the county jail, under an ordinance of the city of Austin, Mower county, in this district, which he alleges to be repugnant to the constitution of the United States. By the charter of the city of Austin, which was passed by the legislature of Minnesota, and approved February, 1887, the common council is authorized, *inter alia*, "to license and regulate * * * peddlers and persons selling goods at retail by sample," and, in terms, it provides that "the power to regulate * * * shall extend to, and be considered to include, * * * the power to define who shall be considered * * * peddlers." The common council, acting under this provision of the city charter, passed the following ordinance; and for an alleged violation of it the prisoner was committed to jail. The ordinance reads as follows:

"*Ordinance* 116. An ordinance regulating and for licensing hawkers, peddlers, and persons selling goods at retail by sample. The common council of the city of Austin do ordain: Section 1. No person shall peddle, * * * or go from house to house or place to place, within the limits of the city of Austin, and sell, dispose of, or offer for sale, by sample, at retail, any goods, wares, merchandise, or any article of any description whatsoever, without having first obtained a license therefor: provided, that nothing herein contained shall preclude any person or persons who shall have procured a special permit therefor as provided for in sec. 3 of this ordinance. Sec. 2. Any person or persons, and all persons who travel from house to house, in any way or manner, for the purpose of carrying to sell, or exposing to sell, barter, or exchange, at retail, or to consumers, any goods, wares, merchandise, notions, or other articles of trade whatsoever, not their own manufacture, whether by sample or otherwise, and whether the said goods, wares, merchandise, notions, and other articles of trade, whatsoever, are delivered at the time of sale, or to be delivered at some future day, are declared to be peddlers, and subject to the provisions of this ordinance."

Section 3 provides how a license shall be obtained, and the amount to be paid for a license or special permit. Sections 4 and 5 provide for the arrest, fine, or imprisonment, on conviction of violating the provisions of the ordinance. The writ of *habeas corpus* was issued, and proper proceedings have been taken by return of the sheriff and traverse thereto.

The following statement of facts raises the question to be determined: The petitioner, G. F. Kimmel, is a resident of the state of Nebraska, and traveled on foot from house to house, offering to sell divers goods and merchandise by sample, within the limits of the city of Austin, Mower county, at retail, and did, on the 24th day of March, 1890, agree to so sell to one Henry Purdy, at retail, a clock, for the sum of $8.50, to be delivered to him at a future date by W. A. Edwards, upon an order given by said Purdy to the petitioner; he (the petitioner) being an agent of the said W. A. Edwards, and authorized to solicit said order, and contract for its delivery. That said W. A. Edwards was a resident of the state of Iowa, and his house was located at Des Moines, Iowa, from which such goods were to be shipped to the purchaser as well as the petitioner. That none of the goods, wares, and merchandise were of the manufacture of said petitioner, nor of said W. A. Edwards. That said

petitioner or W. A. Edwards did not have a license or a permit to sell goods, wares, and merchandise within the limits of the city of Austin, or a license to peddle from house to house at retail, as provided by the ordinance above cited. The petitioner was arrested and brought before a justice of the peace of the city of Austin, and on conviction, and failure to pay the fine imposed, was imprisoned.

This case must be governed by the decision announced in *Robbins* v. *Taxing-Dist.*, 120 U. S. 489, 7 Sup. Ct. Rep. 592, and in *Asher* v. *Texas*, 128 U. S. 129, 9 Sup. Ct. Rep. 1. In the former case a citizen of Ohio was convicted for selling goods by sample in the Shelby taxing-district, formerly Memphis, for an Ohio firm, without having obtained the required license, under a law of the state of Tennessee. In the latter case a citizen of New Orleans, in the state of Louisiana, an employe of a manufacturer of rubber stamps, etc., in that city, was engaged in soliciting trade, by the use of samples, for his house, in the city of Houstin, in the state of Texas. He was arrested and convicted of a violation of the Texas law, which made it a misdemeanor to solicit trade by sample without taking out a license. It is not necessary to discuss the principles of constitutional construction, or review the previous decisions of the supreme court, which led to a conclusion, in each of the cited cases, that these license laws were in conflict with the constitution of the United States. It would be affectation on my part to do so. The discussion of the constitutional provision involved was exhaustive, and Mr. Justice BRADLEY, speaking for the court, refers to previous decisions of the supreme court fully establishing the principles which govern such cases. The decision, in brief, was that a state law exacting a license tax to enable a person within the state to solicit orders and make sales there for a person residing within another state is repugnant to that clause of the constitution of the United States giving congress the power to regulate commerce among the several states, and is void. It is urged that the petitioner is a peddler, within the express language of the ordinance of the city declaring who are to be considered peddlers. The mere calling a person engaged in soliciting trade, by sample, for his employer, residing within another state, a "peddler," does not change the character of the business. The petitioner was carrying on a traffic upon which the state laws could impose no restraint. It follows, therefore, that the ordinance of the city of Austin above cited is unconstitutional; and the petitioner, being restrained unlawfully of his liberty, is entitled to a discharge, and it is so ordered.