*In re* WHITE.

(*Circuit Court, W. D. Pennsylvania.* November 11, 1890.)

1. CONSTITUTIONAL LAW—INTERSTATE COMMERCE—LICENSING SOLICITING AGENTS.
    The borough ordinance of Union City, Pa., requiring all persons canvassing from house to house for the purpose of selling, *inter alia*, books, or soliciting orders therefor from the general public, to take out a license, and pay to the borough a fee for doing such business, in so far as it touches a citizen of another state, who, as the agent of a person engaged in the book trade in such other state, simply so canvassed and took orders for the sale of a book, the orders to be sent to and filled by his principal, is a regulation of commerce among the states, and is void.
2. SAME.
    Such agent, having been arrested and convicted for so doing before a justice of the peace and imprisoned, is entitled to be discharged on *habeas corpus*.

*Sur Habeas Corpus.*
*F. M. McClintock,* for petitioner.
*J. W. Sproul,* for respondent.

ACHESON, J. The petitioner, Albert H. White, a citizen of the state of Ohio, as the agent, and not otherwise, of W. J. Squire, whose residence and place of business is the city of Toledo, Ohio, and who is also a citizen of that state, was engaged within the limits of the borough of Union City, in the state of Pennsylvania, in canvassing from house to house for orders for the sale of a book entitled "The New People's Cyclopedia," and
v.43F.no.13—58

as such agent took orders in said borough for the sale of the book from the general public,—that is, from persons other than dealers in books,—without having taken out a license and paid the fee for doing business, required by the ordinance of the borough, which in terms embraces every person canvassing from house to house in the borough, for the purpose of selling books or soliciting orders therefor from the general public. While so engaged, the petitioner was prosecuted and convicted before a justice of the peace of the borough for a violation of the said ordinance, in not taking out a license and paying the prescribed license fee, and he was sentenced to pay a fine of $10 and the costs; and, in default of payment, he was arrested under a writ directing his commitment to the jail of the county of Erie, and he is held in custody by the respondent, a constable of said borough, by virtue of such writ.

It appears that "The New People's Cyclopedia" is a work for which a copyright has been obtained under the laws of the United States; that the same is published outside the state of Pennsylvania, namely, in the states of New York and Ohio, and is kept for sale at the city of Toledo, Ohio, by the said Squire, the petitioner's employer, to whom all orders taken by the petitioner are sent to be filled, and no deliveries are made by the petitioner, nor is any money for the book received by him. His exclusive business is the soliciting of orders for the book on behalf of his principal, Squire, and this is all the petitioner did in the borough of Union City. The petitioner seeks his discharge on the ground that, in so far as the ordinance in question touches him, it is in conflict with the constitution of the United States, and void. In *Robbins* v. *Taxing Dist.*, 120 U. S. 489, 7 Sup. Ct. Rep. 592, it was held by the supreme court of the United States that the statute of the state of Tennessee, enacting that all drummers, and all persons not having a regular licensed house of business in the taxing district of Shelby county, offering for sale, or selling, goods, wares, or merchandise therein by sample, shall be required to pay to the county trustee a certain weekly or monthly sum for such privilege, in so far as it applied to persons from other states soliciting the sale of goods on behalf of individuals or firms doing business in other states, is a regulation of commerce among the states, and violates the provision of the constitution of the United States, which grants to congress the power to make such regulations. That decision, in my judgment, is conclusive of the present controversy. The fact that the petitioner "canvassed from house to house," soliciting and taking orders from "the general public," is an immaterial circumstance, and does not take this case out of the ruling of the supreme court. The ordinance in question, as respects the petitioner, being void, and his conviction and imprisonment being in violation of the constitution of the United States, it is clearly within the jurisdiction of this court, on *habeas corpus*, to discharge him from custody. *Ex parte Royall*, 117 U. S. 241, 6 Sup. Ct. Rep. 734; *Minnesota* v. *Barber*, 136 U. S. 313, 10 Sup. Ct. Rep. 862; *Ex parte Kieffer*, 40 Fed. Rep. 399. And it is ordered that the petitioner be, and he is, discharged; the respondent to pay the costs.