THE CITY OF BLOOMINGTON

*v.*

JOSEPH M. BOURLAND.

*Filed at Springfield May 11, 1891.*

INTER-STATE COMMERCE—*soliciting orders—for dealers in other States —license fee.* An ordinance of a city prohibiting the soliciting of orders, for books within the city, by an agent for a wholesale house in another State, without taking out a license and paying a license fee, is void, as being in conflict with that clause of the United States constitution which gives to Congress the power to regulate commerce between the States, and of the act of Congress on that subject. It makes no difference, in principle, whether the sales made are wholesale or retail.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

This was an action for a penalty for violating a city ordinance. The case was commenced before a police magistrate, and on appeal from the judgment rendered by him, to the circuit court of McLean county, the following were agreed to be the facts:

. The charter of the city of Bloomington confers power upon the common council "to license, tax and regulate auctions, merchants, retailers, grocers, sample sellers, taverns, hawkers, peddlers," etc., and the following ordinances were adopted by the common council, pursuant thereto:

"*Be it ordained by the city council of the city of Bloomington:*

"SECTION 1. That chapter 26, entitled 'Peddlers,' of the Revised Ordinances of the city of Bloomington, be and the same is hereby amended to read as follows:

" 'Sec. 1. No person shall sell or attempt to sell any goods, articles or thing by peddling, soliciting, hawking, public outcry, or at any temporary or uninclosed stand or place of business within the city, without first obtaining a peddler's license therefor: *Provided,* the grower of farm and garden products,

including meat and poultry, may without license sell the same by peddling.

" 'Sec. 2. Every person soliciting, canvassing or taking orders for books, pictures, publications or other articles shall be deemed within the scope of this chapter, and be required to take out a peddler's license; but no license shall be required for the delivery of an article where the order therefor was taken under a license; if, however, no license was taken out by the canvassers, the article shall not be delivered without a peddler's license: *Provided*, that regular commercial travelers employed by wholesale houses, and selling staple articles of merchandise to the merchants of the city, shall not be deemed to be peddlers, within the meaning of this article.

" 'Sec. 3. Any violation of any of the provisions of this chapter, or any failure by any person to comply with this chapter, shall subject the offender to a fine of not less than three dollars nor more than fifty dollars for each offense.' "

It was stipulated and agreed that the motion to dismiss the appeal in this case be withdrawn, and that the case be submitted as if the appeal was well and properly taken; that the defendant resides in Normal, Illinois, and that shortly prior to the commencement of this suit he was acting as agent for a wholesale concern in the city of St. Louis, in the State of Missouri, and in its employ; that as such agent he was soliciting in the city of Bloomington, orders for books published by said concern in St. Louis; that while soliciting orders as aforesaid, he was arrested and fined, under the city ordinances of Bloomington, for doing so without a license; that in the taking of such orders he proceeded to obtain them by going from house to house, and that after obtaining such orders the books were to be shipped to him from St. Louis, to be delivered; that the ordinance under which the fine was had in the court below may be considered a part of this stipulation, and may be here inserted; that in this cause, and in any court to which this cause may be taken, the only question to be submit-

ted to the court is, whether or not the ordinance, under the facts agreed upon, is in violation of the constitution of the United States, and the Federal statutes enacted thereunder, relating to inter-State commerce.

The court found that the ordinance, with that portion of the special charter of the said city upon which the said ordinance was based, were in violation of the constitution of the United States, and the Federal statutes enacted thereunder, relating to inter-State commerce. There was judgment upon the finding, against the plaintiff. The plaintiff brings the case direct to this court by appeal, and assigns for error, first, that the court erred in finding for the defendant; and second, the court erred in rendering judgment upon the finding.

Mr. Sain Welty, for the appellant.

Mr. J. E. Pollock, and Mr. A. J. Barr, for the appellee.

Mr. Chief Justice Scholfield delivered the opinion of the Court:

We are unable to distinguish this case, in principle, from *Robbins* v. *Shelby Taxing District*, 120 U. S. 489. In that case, Robbins was soliciting trade in Tennessee for a firm in Cincinnati, Ohio, and it was held that a law of Tennessee requiring him to take out a license in order to transact his business, was in conflict with that clause of the constitution of the United States which gives to Congress the power to regulate commerce between the States, and therefore void. Substantially the same class of goods was there sought to be sold as is here sought to be sold; only there, it would seem, the attempt to sell was at wholesale, while here it is at retail. But that is not dwelt upon as a matter of any significance in the opinion in that case, and when it is reflected that it is the locality of the sales with reference to the locality of the ownership of the goods, and not the quantities of goods sold or the number of persons to whom sold, that determines whether given sales

are to be regarded as belonging to inter-State commerce, it is impossible to see how it could be. It is manifest that in that case the court must have regarded the license fee as in the nature of a tax, as contradistinguished from a police regulation imposed for the protection of the public against the harmful tendency to the citizens of the district of the business itself, as the Supreme Court of Pennsylvania, in *Conn* v. *Gardner,* 133 Pa. St. 284, hold that a license regulation in regard to hawkers and peddlers is : for where the business itself may be regulated or suppressed in a community because of its inherent harmful tendency to the citizens of such community, it may be regulated by a license without regard to the locality of the property in which the business is conducted. But it is impossible to say that there may be injury or danger to the public welfare in permitting sales by retail, and yet not in permitting sales of the same thing in the same locality by wholesale, since, in the very nature of things, the difference · is not in principle, but in the extent of its exercise, only.

The fact that the ordinance makes no discrimination between those soliciting orders for houses in this State and those soliciting orders for houses in other States is of no moment. It was said in the *Robbins case:* "It is strongly urged, as if it were a material point in the case, that no discrimination is made between domestic and foreign drummers,—those of Tennessee and those of other States,—that all are taxed alike. But that does not meet the difficulty. Inter-State commerce can not be taxed at all, even though the same amount of tax should be laid on domestic commerce, or that which is carried on solely within the State. This was decided in the case of the State freight tax. (15 Wall. 232.) The negotiation of sales of goods which are in other States, for the purpose of introducing them into the State in which the negotiation is made, is inter-State commerce."

The judgment is affirmed.

*Judgment affirmed.*