## In re NICHOLS.

*(Circuit Court, W. D. Pennsylvania. November 6, 1891.)*

1. CONSTITUTIONAL LAW—INTERSTATE COMMERCE—BOOK CANVASSER'S LICENSE—HABEAS CORPUS.

   An ordinance of the city of Titusville, Pa., requiring the payment of a license fee from all persons soliciting orders for goods, books, etc., is void as a regulation of interstate commerce, in so far as it is applied to an agent soliciting orders for books, to be filled on the approval of his principal in New York, notwithstanding that the books are sent from a storehouse in Pittsburgh, which is kept replenished from the main office in New York; and, when such agent is imprisoned for a violation of the ordinance, he is entitled to be released by the federal circuit court on a writ of *habeas corpus*.

2. SAME—POLICE POWER.

   The ordinance cannot be upheld on the ground that it is a police regulation designed to protect the inhabitants from the unwarrantable intrusions of such canvassers, since by paying the fee the business may be carried on without restraint.

At Law.

Petition by Charles D. Nichols for a writ of *habeas corpus* to release him from imprisonment for violating an ordinance of the city of Titusville, Pa., by canvassing for books without a license. Prisoner discharged.

*Joseph R. McQuaide,* for petitioner.

*George A. Chase,* for the city of Titusville.

REED, J. The petition of Charles D. Nichols states that he is a citizen of the state of New York, and is the agent and employe of P. T. Collier, a citizen of the state of New York; that his business, as such employe and agent, is that of soliciting orders for the sale of books and periodicals published by said Collier in the city of New York, where all orders for books and periodicals taken by the petitioner for his employer are sent to be filled, and the goods are subsequently delivered by said Collier on such terms and conditions as meet his approval; that on October 3, 1891, while engaged in the business of soliciting orders for the sale of books and periodicals in the manner aforesaid in the city of Titusville, in the state of Pennsylvania, he was arrested upon a charge of violation of an ordinance of that city, requiring the payment of a license fee for the privilege of pursuing his business, as aforesaid, in the city, and, after a hearing, was sentenced to pay a fine of $78 and costs, and in default of payment was imprisoned. At the hearing upon the petition the facts developed were substantially as stated in the petition, except that it appeared that Mr. Collier, the employer, had a branch office or store-room in the city of Pittsburgh, from which he sent out the books which were needed to fill the orders taken by the canvassers. As needed to replenish the stock in the branch office in Pittsburgh, Mr. Collier shipped books from time to time from his main office or store-house in New York city. The ordinance in question provides—

"That all persons canvassing or soliciting within said city orders for goods, books, paintings, wares, or merchandise of any kind, or persons delivering such articles under orders so obtained or solicited, shall be required to procure

from the mayor a license to transact said business, and shall pay to the said treasurer therefor the following terms, according to the time for which said license shall be granted, viz.: For one day, one dollar and fifty cents; for one week, five dollars; for three months, ten dollars; and for one year, twenty-five dollars: provided, that the provisions of this ordinance shall not apply to persons selling by sample to manufacturers or licensed merchants or dealers residing or doing business in said city."

By a supplement the ordinance was amended in an immaterial matter relating to the amount of the license fee for one year.

In *Robbins* v. *Taxing Dist.*, 120 U. S. 489, 7 Sup. Ct. Rep. 592, the statute of Tennessee in question provided that all drummers, and all persons not having a regular licensed house of business in the taxing district of Shelby county, offering for sale, or selling, goods by sample, should pay a certain sum per week or per month for such privilege. The supreme court held that, so far as applied to persons soliciting the sale of goods on behalf of individuals or firms doing business in another state, it was a regulation of commerce among the states, and violated the provisions of the constitution of the United States, which grants to congress the power to make such regulations.

In the case of *Leloup* v. *Port of Mobile*, 127 U. S. 640, 8 Sup. Ct. Rep. 1380, the supreme court say:

"In our opinion, such a construction of the constitution leads to the conclusion that no state has the right to lay a tax on interstate commerce in any form, whether by way of duties laid on the transportation of the subjects of that commerce, or the receipts derived from the transportation, or on the occupation or business of carrying it on; and the reason is that such taxation is a burden on that commerce, and amounts to a regulation of it, which belongs solely to congress."

In the case of *Asher* v. *Texas*, 128 U. S. 129, 1 Sup. Ct. Rep. 1, a statute of the state of Texas provided that there should be collected from every commercial traveler, drummer, salesman, or solicitor of trade, by sample or otherwise, an annual occupation tax of $35. Asher, the plaintiff in error, was arrested for failure to pay the tax, and it appeared that he was employed as a drummer, or solicitor of trade by sample, by a citizen of Louisiana, engaged in business in the latter state. The supreme court held the statute unconstitutional, as imposing a burden upon interstate commerce by way of taxing an occupation directly concerned therein, and reaffirmed the principles laid down in the case of *Robbins* v. *Taxing Dist.*

In the case of *Stoutenburgh* v. *Hennick*, 129 U. S. 141, 9 Sup. Ct. Rep. 256, a similar statute, enacted by the legislative assembly of the District of Columbia, was held to be a regulation of interstate commerce, so far as applicable to persons soliciting the sale of goods on behalf of individuals or firms doing business outside of the district, and hence unconstitutional.

So in the case of *Pullman's Palace-Car Co.* v. *Pennsylvania*, 141 U. S. 18, 11 Sup. Ct. Rep. 879, the court say:

"Much reliance has been placed by the plaintiff in error upon the cases in which this court has decided that citizens or corporations of one state cannot

be taxed by another state for a license or privilege to carry on interstate or foreign commerce within its limits. But in each of those cases the tax was not upon the property employed in the business, but upon the right to carry on the business at all, and was therefore held to impose a direct burden upon the commerce itself."

In the *Case of White*, 43 Fed. Rep. 913, a case identical with the present case in its facts, and in this court, Judge ACHESON discharged the petitioner, as held in custody under an ordinance which was unconstitutional, as a regulation affecting interstate commerce. Similar orders were made in the case of *Ex parte Stockton*, 33 Fed. Rep. 95, by the district court for the eastern district of Texas; by the district court of Minnesota, in the *Case of Kimmel*, 41 Fed. Rep. 775; and by the circuit court for the eastern district of North Carolina, in the *Case of Spain*, 47 Fed. Rep. 208.

It was argued by the counsel for the city that the ordinance in question in this case was a proper police regulation for the protection of its citizens, and to add to their comfort, "by preventing the intrusive domiciliary visitations of canvassers and peddlers, who go from house to house in relentless personal pursuit of purchasers." But, conceding (what is extremely doubtful, if, indeed not denied by the case of *Leisy* v. *Hardin*, 135 U. S. 100, 10 Sup. Ct. Rep. 681) that a state or municipality may regulate the manner in which citizens of other states may prosecute their business by selling goods and merchandise not hurtful in themselves, still the ordinance does not purport to be such a regulation. It is solely for the purpose of raising revenue. Any person paying the prescribed license fee may, during the period covered by his license, freely transact business in the city, even to the extent of "intrusive domiciliary visits" to the unfortunate inhabitants.

It is impossible to distinguish the facts in this case from those in *Robbins* v. *Taxing Dist.*, *Asher* v. *Texas*, and *Stoutenburgh* v. *Hennick, supra*, and, that being so, the authority of those cases is such that there can be no discussion of the principles involved. The ordinance, therefore, being void as to the petitioner, and he being in custody in violation of the constitution of the United States, the petitioner is entitled to his discharge, and it is ordered that the petitioner be, and he is hereby, discharged; the respondent to pay the costs.