## *In re* TYERMAN.

(*Circuit Court, W. D. Pennsylvania.* November 6, 1891.)

CONSTITUTIONAL LAW—INTERSTATE COMMERCE—BOOK CANVASSER'S LICENSE.

An ordinance of the city of Titusville, Pa., requiring the payment of a license fee from all persons soliciting orders for books, etc., and from persons delivering books under orders so obtained, is void as a regulation of interstate commerce, in so far as applied to one delivering books sold by an agent, to be delivered, on the approval of his principal in New York, from a store-house in Pittsburgh, which is kept replenished by shipments from the principal office in New York.

At Law.

Petition by William Tyerman for a writ of *habeas corpus* to release him from his imprisonment for violating an ordinance of the city of Titusville, Pa., by delivering books sold by a book canvasser. Prisoner discharged.

*Joseph R. McQuaide,* for petitioner.

*Geo. A. Chase,* for City of Titusville.

REED, J. The facts in this case are similar to those appearing in the *Case of Nichols,* 48 Fed. Rep. 164, (November term, 1891,) except that this petitioner was employed by P. F. Collier, a citizen of the state of New York, and doing business in the city of New York, to deliver the books sold by Mr. Nichols, and to collect the price therefor. These books are sent to him from Mr. Collier's branch store-room or office in the city of Pittsburgh, and while he was engaged in such employment he was arrested for failure to obtain the license required by the ordinance of the city of Titusville, and is now in custody for failure to pay a fine imposed under the provisions of such ordinance. For the reasons set forth in the opinion in the *Nichols Case,* he must also be discharged. There is no difference in principle between the two cases, this petitioner being engaged in completing the sales made by Mr. Nichols, and therefore engaged in interstate commerce. The precise question was decided in favor of the petitioner in the *Case of Spain,* 47 Fed. Rep. 208, Judge BOND saying: "The right to sell implies the obligation and the right to deliver. It is as much interstate commerce to do the one as the other." And it is ordered that the petitioner be, and he is hereby, discharged; the respondents to pay the costs.