## H. M. Overton v. The City of Vicksburg.

1. **Interstate Commerce.** *License tax. Citizen of another state.*

   A city ordinance imposing a license tax on transient peddlers, so far as it applies to a non-resident traveling agent selling goods by sample for a corporation in another state, though the goods are sent to him for delivery, is void as an attempt to regulate interstate commerce. *Asher* v. *Texas*, 128 U. S., 129, followed.

2. **Federal Question.** *United States supreme court. Decisions authoritative.*

   This court will consider authoritative the decisions of the supreme court of the United States on a federal question.

From the circuit court of Warren county.

Hon. J. D. Gilland, Judge.

Appellant is a citizen of Louisiana. He was acting as agent for the Southern Installment Manufacturing Company, a corporation domiciled at New Orleans in said state, selling goods in this state. In the prosecution of its business, this company employed a number of agents or canvassers in the different states, appellant being one of the number. They were furnished with samples of the goods to be sold, and carried them from house to house soliciting orders. When an order would be obtained, it would be forwarded to the house at New Orleans, which would ship the goods to the agent making the sale, and he would deliver the same to the purchaser, collecting the first installment of the purchase-money, which was applied as a part of his commission for making the sale. The remaining payments would be received by a collecting agent. Appellant was engaged in the prosecution of this business in the city of Vicksburg, when he was arrested for failing to comply with an ordinance of the city requiring all transient peddlers to pay a privilege tax and procure a license. This tax appellant refused to pay. He made no sales except in the manner above stated. He was convicted in the mayor's

court, and, on appeal to the circuit court, was again convicted. Hence this appeal.

*George Anderson*, for appellant.

This is another instance of a city trying to regulate interstate commerce. *Richardson* v. *State*, recently decided by this court on the authority of *Robbins* v. *Shelby County*, 120 U. S., 489, is decisive of this case.

It is immaterial that defendant delivered the goods and collected the first payment thereon. The authorities uniformly held that in such cases a license tax cannot be imposed. *State* v. *Agee*, 83 Ala., 110 ; *Ex parte Murray*, 93 *Ib.*, 78 ; *McLaughlin* v. *South Bend*, 126 Ind., 471 ; 41 Fed. Rep., 775 ; 47 *Ib.*, 208, 539.

*R. V. Booth*, for appellee.

This case is distinguishable from *Robbins* v. *Shelby County*, 120 U. S., 490, and similar cases. Appellant was not taxed for selling goods situated in another state. The tax was imposed for peddling goods in this state and collecting the price therefor. Can a foreign establishment have a depot for the reception of goods here, and sell them by agent, without bearing the burdens imposed on domestic dealers in the same business ?

There is no sale without a delivery, and, as the delivery is made here after the goods come within the jurisdiction, the sale is made here. When goods are purchased through a drummer in the ordinary course, they are delivered to a carrier, and the title passes *eo instanti* to the consignee, and this completes the sale.

The law which seeks to exempt from the common burdens of taxation should be strictly construed.

CAMPBELL, C. J., delivered the opinion of the court.

The facts of this case bring it fully within the rule declared in *Robbins* v. *Shelby County*, 120 U. S., 489, and *Asher*

*v. Texas*, 128 U. S., 129 (followed, reluctantly and with manifest disapproval, in *State* v. *Agee*, 83 Ala., 110, and *Ex parte Murray*, 93 *Ib.*, 78, and *Simmons* v. *McGuire*, 39 La. An., 848, and *Wrought Iron Co.* v. *Johnson*, 84 Ga., 754, and *McLaughlin* v. *South Bend*, 126 Ind., 471); and so long as the view on which that rule was announced shall prevail with the supreme court of the United States, however erroneous it may be regarded by the courts of the states, they must recognize and apply it.

Constrained by the authoritative decisions of the supreme court of the United States on this federal question, our duty is to reverse the judgment of the circuit court.

*Reversed and remanded.*