In re MITCHELL et al.

(District Court, E. D. Wisconsin. June 25, 1894.)

CONSTITUTIONAL LAW — INTERSTATE COMMERCE — LICENSE TAX ON TRAVELING SALESMEN.

    A state statute imposing a license tax upon persons traveling from place to place for the sale of goods, "at retail or to consumers," by sample or otherwise (Rev. St. Wis. § 1570), is void as an interference with interstate commerce in so far as it applies to agents soliciting orders by sample for goods which belong to a resident of another state, and which are at the time outside of the state, and are proper articles of commerce.

Applications by B. J. Mitchell, W. W. McClure, C. E. Devendorf, and Harry Birkell for writs of habeas corpus.

Clarence H. Childs, for petitioners.

Henry Fitzgibbon, for respondent.

SEAMAN, District Judge. These several petitioners are imprisoned in Winnebago county upon convictions in justice court for alleged violation of section 1570 of the Revised Statutes of Wisconsin, and amendments thereof, which provide that no person who is not licensed by payment of a fee prescribed by a subsequent section shall travel from place to place within the state for sale of goods "at retail or to consumers," by sample or otherwise, with numerous exceptions of permanent traders and other classes, not including any under which the petitioners can claim exemption. They were all in the employ of W. A. Edwards, a dealer in various articles of merchandise, residing and having his place of business at Minneapolis, Minn., and all were soliciting orders for sale of the employer's goods for future deliveries, and having only samples with them. It is undisputed and conceded that the goods which they respectively offered for sale were at Minneapolis, and not in Wisconsin, and were legitimate and proper articles of commerce. No orders were in fact taken, and no sales or deliveries were actually made.

The aid of this court is invoked on the ground that the arrest and imprisonment in each case violates well-settled rights of interstate commerce, of which the power to regulate is expressly reserved to congress by the United States constitution. Upon the state of facts here presented, it is clear that the petitioners were in the exercise of "interstate commerce," as defined by the supreme court in numerous decisions, and they were not infringing any law of the United States. The only justification for their imprisonment is asserted under the state statute entitled "Of Peddlers" (chapter 67, Rev. St., as amended by chapter 510, Laws Wis. 1889; section 1570, Sanb. & B. Ann. St.). It is unnecessary to determine whether the terms of this statute would intend the imposition of a license fee in these cases; but it is sufficient that the attempted enforcement is against a clear exercise of interstate commerce, and an interference therewith which is "repugnant to that clause of the constitution of the United States which declares that congress shall have power to regulate commerce among the several states." Robbins v. Taxing Dist., 120 U. S. 489, 7 Sup. Ct. 592. The decisions of the supreme court are

numerous and conclusive to this point, and are well summarized in the opinion of Mr. Justice Brewer, handed down April 30, 1894, in Brennan v. City of Titusville, 14 Sup. Ct. 829. For their protection in this constitutional right the petitioners are entitled, respectively, to the writ, and it will be granted.