### Ex parte HOUGH.

(Circuit Court, W. D. North Carolina. July 29, 1895.)

INTERSTATE COMMERCE—LICENSES.

Acts N. C. 1895, c. 116, § 25, requiring every one, before engaging in selling pianos or organs by sample, list, or otherwise, in the state, to pay $250 for a license, is, in the case of one selling by sample and list, as agent for a manufacturer and dealer located in another state, void, as a regulation of interstate commerce.

Petition of W. I. Hough for writ of habeas corpus.   Granted.

Tucker & Murphy, for petitioner.
Solicitor R. S. McCall, for the State of North Carolina.

SIMONTON, Circuit Judge.   This case comes up on the petition of W. I. Hough, praying a writ of habeas corpus.   He is in the custody of the sheriff of Buncombe county, N. C., charged with the violation of the revenue law of that state.   The following is an agreed statement of facts:

"It is agreed between Robt. S. McCall, solicitor for the state of North Carolina, and Tucker & Murphy, attorneys for the petitioner, W. J. Hough, that the facts in this case are as follows: The W. W. Kimball Company are manufacturers and wholesale dealers in pianos and organs in the city of Chicago, in the state of Illinois, and with no place of business in North Carolina; that the petitioner is the duly-authorized soliciting agent of said Kimball Company for the sale of pianos and organs in North Carolina; that, as such agent, the petitioner has engaged in the business of selling and offering to sell pianos and organs in said state, by sample and by list; that on the 1st day of July, 1895, the petitioner, as such agent and representative of said Kimball Company, sold, by sample and by list, an organ of the said Kimball Company to Stephen Smith, in Buncombe county, North Carolina; that neither the petitioner nor said Kimball Company paid a tax of two hundred and fifty dollars to the state treasurer of North Carolina before engaging in said business and making said sale, as required by the acts of the general assembly of North Carolina (chapter 116, § 25), enacted at the session of 1895."

The prisoner is charged with the violation of section 25, c. 116, Acts 1895, of the general assembly of North Carolina.   The section is as follows:

[1] 68 Fed. 904.

"Every person, company or manufacturer who shall engage in the business of selling pianos or organs by sample, list or otherwise in the state, shall before selling or offering for sale any such instrument, pay to the state treasurer a tax of two hundred and fifty dollars, and obtain a license which shall operate one year from its date and all such licenses shall be countersigned by the auditor and no other license tax shall be required by counties, cities or towns."

At the argument of the case, while I have not had the benefit of any argument on the part of the state, I have been assisted by an exhaustive collection of authorities on the part of the counsel for the petitioner. He has clearly shown that in cases like this the uniform conclusion of the supreme court of the United States is that such a tax law is in conflict with the interstate commerce provisions of the constitution of the United States. It is a regulation of commerce,—to that extent a restriction upon it,—notwithstanding that congress, whose control over commerce is supreme, has elected that it should be free and unrestricted. Brown v. Maryland, 12 Wheat. 436; Welton v. Missouri, 91 U. S. 275; State Freight Tax Cases, 15 Wall. 232; Robbins v. Taxing Dist., 120 U. S. 489, 7 Sup. Ct. 592; Corson v. Maryland, 120 U. S. 502, 7 Sup. Ct. 655; Leloup v. Mobile, 127 U. S. 640, 8 Sup. Ct. 1380; Stoutenburgh v. Hennick, 129 U. S. 141, 9 Sup. Ct. 256. In the late case of Brennan v. Titusville, 153 U. S. 289, 14 Sup. Ct. 829, the cases are reviewed and confirmed. The section in question is in conflict with the constitution and laws of the United States, and the imprisonment of the petitioner thereunder unlawful. Let him be discharged, and go hence without day.