In re TINSMAN.

(Circuit Court, N. D. California. July 17, 1899.)

No. 12,746.

INTERSTATE COMMERCE—SOLICITING AGENTS—MUNICIPAL ORDINANCE—EXACTING LICENSE TAX.

An ordinance of a municipal corporation requiring persons or firms soliciting orders on behalf of manufacturers of goods to take out a license and pay a tax is an exercise, not of the police power, but of the taxing power; and, when enforced against a person or firm soliciting orders for a manufacturer of goods in another state, it imposes a tax upon, and is a regulation of, interstate commerce, in violation of the provisions of the constitution of the United States.

On Petition of F. W. Tinsman for a Writ of Habeas Corpus.

J. A. Plummer, for petitioner.

A. Sylva, Pros. Atty. of town of Sausalito.

John H. Dickinson, for marshal of town of Sausalito.

MORROW, Circuit Judge. Ordinance No. 51 of the town of Sausalito, Cal., adopted October 14, 1895, provides, among other things, as follows:

"Section 1. It shall be unlawful for any person to engage in or carry on any business, trade, profession or calling, for the transaction or carrying on of which a license is required, without first taking out or procuring the license required for such business, trade, profession or calling. * * *

"Sec. 11. The rates of license shall be according to the following schedule: * * * (16) From each person or firm not maintaining a place of business nor keeping a business office in the town, engaged in the hawking, peddling, itinerant vending or soliciting the sale or purchase of: (A) Books or maps, one dollar per month or fraction thereof. (B) Pictures, one dollar per month or fraction thereof."

The petitioner in May of this year was engaged in taking orders in the town of Sausalito for the enlargement of portraits by the Chicago Portrait Company, a corporation organized and existing under and by virtue of the laws of the state of Illinois, and having its principal place of business and factory in the city of Chicago, in said state. Said corporation had no warehouse, storehouse, or place of business in the state of California; and its business was carried on by means of traveling agents or solicitors, who went from state to state, county to county, and town to town, soliciting orders for the enlargement of portraits. The orders were then by such agents and solicitors forwarded to the company at its place of business in the city of Chicago, and there the portraits were enlarged, and after enlargement returned, directed to said company at the town or place where said orders were taken, and there called for by an agent of the said company, and delivered to the persons who had ordered the same. The petitioner was arrested, tried, and convicted in the recorder's court of the town of Sausalito for transacting the business of soliciting orders for said company without first having obtained a license so to do as required by said ordinance; and thereafter he was sentenced by the said recorder's court to pay a fine of $20, or serve a period of 20 days in the county jail. The petitioner alleges that he is in the custody of the marshal of the town of Sausalito under such sentence, and he seeks his discharge because his imprisonment, detention, confinement, and restraint are illegal, and in violation of the provisions of the fourteenth amendment to the constitution of the United States; also, of section 8 of article 1 of the constitution of the United States, relating to interstate commerce.

When a law of a state imposes a tax under such circumstances and with such effect as to constitute it a regulation of interstate commerce, it is void on that account. Brown v. Maryland, 12 Wheat. 419; Telegraph Co. v. Texas, 105 U. S. 460; Moran v. New Orleans, 112 U. S. 69, 73, 5 Sup. Ct. 38. An ordinance of a municipal corporation requiring persons or firms soliciting orders on behalf of manufacturers of goods to take out a license and pay a tax is an exercise, not of the police power, but of the taxing power; and, when enforced against a person or firm soliciting orders for a manufacturer of goods in another state, it imposes a tax upon, and is a regulation of, interstate commerce, in violation of the provisions of the constitution of the United States. In Robbins v. Taxing Dist., 120 U. S. 489, 7 Sup. Ct. 592, a statute of the state of Tennessee declared that all drummers, and all persons not having a regular licensed house of business in the taxing district, offering for sale or selling goods,

wares, or merchandise therein by sample, should be required to pay to the county trustee the sum of $10 per week, or $25 per month, for such privilege. Robbins was engaged in soliciting in the city of Memphis, Tenn., the sale of goods for a Cincinnati firm; exhibiting samples for the purpose of securing orders for the goods. He was prosecuted and convicted for a violation of the statute. The statute, like the Sausalito ordinance, made no discrimination between those who represented business houses out of the state and those representing like houses within the state. There was therefore no element of discrimination in the case. But, notwithstanding this equality, the conviction was set aside by the supreme court on the ground that, whatever the state might see fit to enact with reference to a license tax upon those who acted as drummers for houses within the state, it could not impose upon those who acted as drummers for business houses outside of the state any burden by way of a license tax, for the reason that such persons were engaged in interstate commerce, which must be left free from any restrictions or impositions. Negotiations in the conduct of interstate commerce could not be taxed by the state, or by a municipal corporation under its authority. In Corson v. Maryland, 120 U. S. 502, 7 Sup. Ct. 655, the same question arose with respect to a provision of the Code of Maryland, and the same doctrine declared, as in the preceding case. In Asher v. Texas, 128 U. S. 129, 9 Sup. Ct. 1, a statute of Texas required any commercial traveler, drummer, salesman, or solicitor of trade, by sample or otherwise, to pay an annual occupation tax of $35. This statute was declared to be unconstitutional, so far as it affected one soliciting orders for a business house in other states. And the case of Robbins v. Taxing Dist. was expressly affirmed, to meet the vigorous assault made by the court of appeals of Texas upon the doctrine of that case. In Stoutenburgh v. Hennick, 129 U. S. 141, 9 Sup. Ct. 256, an agent of a firm doing business in the city of Baltimore solicited orders in the District of Columbia, without having taken out a license there as required by an act of the legislative assembly of the District of Columbia. The supreme court held that this law was invalid, as construed to include the business of an agent soliciting orders for a business house located outside the District.

In Brennan v. City of Titusville, 153 U. S. 289, 14 Sup. Ct. 829, an order of the city of Titusville provided:

"That all persons canvassing or soliciting within said city orders for goods, books, paintings, wares or merchandise of any kind, or persons delivering such articles under orders so obtained or solicited, shall be required to procure from the mayor a license to transact said business, and shall pay to the said treasurer therefor the following sums, according to the time for which said license shall be granted," etc.

The facts of the case were similar to the present case. One Shephard was a manufacturer of picture frames, and maker of portraits, residing in Chicago, in the state of Illinois, of which state he was a citizen, and in which city he had his manufactory and place of business. The defendant Brennan was an agent of Shephard, employed by him to travel and solicit orders for said pictures and frames. Up-

on receiving orders for pictures and picture frames, Brennan forwarded the same to Shephard, at Chicago, in the state of Illinois, where the goods were made, and from there shipped to the purchasers, in Titusville, in the state of Pennsylvania, by railroad, freight, and express; and the price of said goods was collected and forwarded to Shephard, sometimes by the express company, and at other times by the agents of Shephard. Brennan, the agent employed by Shephard, was engaged in conducting the business in the manner stated at the time of his arrest, without having obtained a license as required by the ordinance. He was convicted, and sentenced to pay a fine of $25 and costs of suit. From that judgment Brennan appealed to the supreme court of the state, where the judgment was affirmed; the court holding that the ordinance was enacted in the exercise of the police power of the state. City of Titusville v. Brennan, 143 Pa. St. 642, 22 Atl. 893. The defendant thereupon sued out a writ of error to the supreme court of the United States. The whole question was again reviewed by the court, and all the previous cases in that court relating to the subject carefully considered. Referring to the decision of the supreme court of the state holding that the ordinance in question was within the police power of the state, the court said:

"Even if it be that we are concluded by the opinion of the supreme court of the state that this ordinance was enacted in the exercise of the police power, we are still confronted with the difficult question as to how far an act held to be a police regulation, but which in fact affects interstate commerce, can be sustained. It is undoubtedly true that there are many police regulations which do affect interstate commerce, but which have been, and will be, sustained as clearly within the power of the state; but we think it must be considered, in view of a long line of decisions, that it is settled that nothing which is a direct burden upon interstate commerce can be imposed by the state without the assent of congress, and that the silence of congress in respect to any matter of interstate commerce is equivalent to a declaration on its part that it should be absolutely free."

This decision so clearly establishes the law for the case at bar that further reference to authorities appears to be unnecessary. The following cases in the federal courts may, however, be referred to, as presenting different phases of the question: In re Kimmel, 41 Fed. 775; In re White, 43 Fed. 913; In re Spain, 47 Fed. 208; In re Houston, 47 Fed. 539; In re Nichols, 48 Fed. 164; In re Tyerman, 48 Fed. 167; In re Sanders, 52 Fed. 802; In re Rozelle, 57 Fed. 155; In re Mitchell, 62 Fed. 576; Ex parte Hough, 69 Fed. 330. The following cases in the state courts indicate the scope of the doctrine as admitted in the several states: Stratford v. City Council, 110 Ala. 619, 20 South. 127; Range Co. v. Johnson, 84 Ga. 754, 11 S. E. 233; City of Huntington v. Mahan, 142 Ind. 695, 42 N. E. 463; City of Ft. Scott v. Pelton, 39 Kan. 764, 18 Pac. 954; McClellan v. Pettigrew, 44 La. Ann. 356, 10 South. 853; Overton v. City of Vicksburg, 70 Miss. 558, 13 South. 226; Ex parte Rosenblatt, 19 Nev. 439, 14 Pac. 298; State v. Scott, 98 Tenn. 254, 39 S. W. 1; City of Bloomington v. Bourland, 137 Ill. 534, 27 N. E. 692.

It follows that the business of the petitioner is within the protection of the provision of the constitution of the United States re-

lating to commerce among the several states, and the ordinance in question cannot be enforced against him. His imprisonment is therefore illegal, and he must be discharged.