ST. PAUL, Justice.
 

 This is an appeal by the state from a judgment denying it the right to collect a license or occupational tax from the defendants.
 

 The case was tried on an agreed statement of facts, the substance of which was that defendants were the local representatives in Shreveport of certain nonresident commercial firms; that they kept on hand samples of merchandise in which said foreign merchants dealt, but no stock of goods out of which anything was sold; that they received orders at their office or place of business, and also solicited orders as drummers within their district; that said orders were sent directly to their principals without the state, where they were accepted, filled and shipped direct to the person by whom they were ordered; that thereupon defendants were paid a commission by their principals.
 

 We think the tax is an unauthorized burden on interstate commerce. (See Const. U. S. art. 1, § 8, cl. 3). It was so held in Stockard v. Morgan, 185 U. S. 27, 22 S. Ct. 576, 46 L. Ed. 785, following Robbins v. Taxing Dist. of Shelby County, 120 U. S. 489, 7 S. Ct. 592, 30 L. Ed. 694. In the Stockard Case the complainant had an office or headquarters in Chattanooga, Tenn., where he kept samples' of merchandise and took orders but also traveled around soliciting orders. His principals were specific firms, all nonresidents, and he did not represent or negotiate or sell for any resident of Tennessee. All goods were shipped from outside the state and delivered direct to the purchasers. On all sales consummated, the complainant received a commission from his principals. The Supreme Court said:
 

 “A privilege tax imposed by a state statute Upon residents of that state as merchandise brokers whose business is exclusively confined to soliciting orders from jobbers and wholesale dealers within the state, as agents for nonresident parties, firms, or corporations, for goods to be shipped by such nonresident principals to such jobbers or dealers, is an unconstitutional invasion of the commerce clause of the Constitution of the United States.”
 

 This doctrine was approved in Caldwell v. North Carolina, 187 U. S. 622, 23 S. Ct. 229, 47 L. Ed. 336, and may be considered settled law.
 

 ■ It is not in conflict with Nathan v. Louisiana, 8 How. 73, 12 L. Ed. 992. In effect the
 
 *533
 
 only thing held in that case was that a local dealer in exchange was liable for a license tax even though he dealt principally or wholly in foreign bills of exchange. The business done by such a broker was purely local even though the things in which he dealt, like, those of any other local merchant, might be of foreign origin.
 

 State v. Albert Mackie Company, 144 La. 339, 80 So. 582, is in harmony with the Stockard Case:
 

 • “Selling-of goods in one state consigned to a purchaser in another state is ‘interstate commerce,’ and the taxing of such sales by a state is an illegal interference with interstate commerce, even though the same tax be also imposed indiscriminately upon intrastate business.”
 

 See, also, Simmons Hdw. Co. v. McGuire, 39 La. Ann. 848, 2 So. 592, and McClellan v. Pettigrew, 44 La. Ann. 356,10 So. 853.
 

 ■
 

 Decree.
 

 For the reasons assigned, the judgment appealed from is affirmed.